UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                              :
MAHASKA BOTTLING COMPANY, INC.,               :        Case No. 16-114
                                              :
    *Plaintiff,*                              :
                                              :        **ORAL ARGUMENT**
                                              :        **REQUESTED**
**v.**                                        :
                                              :
PEPSICO, INC. AND BOTTLING GROUP, LLC,        :
                                              :
    *Defendants.*                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO
DISMISS ALL CLAIMS EXCEPT BREACH OF CONTRACT AND TORTIOUS
INTERFERENCE**

# **TABLE OF CONTENTS**

I.     Preliminary Statement................................................................................1

II.    Argument ...................................................................................................2

   A.  The Resistance Confirms that the Robinson-Patman Act Is Inapplicable. ........2

      1.  Mahaska Fails to Allege that PepsiCo Made Two Sales of Products of Like Grade and Quality at Different Prices. ................................................3

      2.  Mahaska Fails to Allege Antitrust Injury....................................................4

   B.  The Resistance Confirms that Mahaska Has Failed to Plead the Elements of A Sherman Act Section 2 Claim..........................................................................4

      1.  Mahaska Fails to Plead Market Power.........................................................4

      2.  Mahaska Fails to Plead Shared Monopoly / Joint Monopolization. ............6

      3.  Mahaska Fails to Plead Antitrust Injury. ....................................................7

   C.  The Resistance Confirms that There Is No Fiduciary Relationship Between PepsiCo and Mahaska. ...................................................................................7

   D.  The Resistance Confirms that Mahaska's Lanham Act Claim is Unfounded. ..8

III.   Conclusion ................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3M v. Appleton Papers Inc.*,
   35 F. Supp. 2d 1138 (D. Minn. 1999) ...................................................................................7

*Bathke v. Casey's Gen. Stores, Inc.*,
   64 F.3d 340 (8th Cir. 1995) ................................................................................................5

*Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*,
   509 U.S. 209 (1993) .......................................................................................................3, 5

*Co-Rect Prods., Inc. v. Marvy! Advert. Photography, Inc.*,
   780 F.2d 1324 (8th Cir. 1985) ............................................................................................8

*Conoco, Inc. v. Inman Oil Co.*,
   774 F.2d 895 (8th Cir. 1985) ..........................................................................................2, 3

*Defiance Hospital Inc. v. Fauster-Cameron, Inc.*,
   344 F. Supp. 2d 1097 (N.D. Ohio 2004) ............................................................................6

*Dimmitt Agri Indus., Inc. v. CPC Int'l Inc.*,
   679 F.2d 516 (5th Cir. 1982) ..............................................................................................6

*Domed Stadium Hotel, Inc. v. Holiday Inns, Inc.*,
   732 F.2d 480 (5th Cir. 1984) ..............................................................................................6

*FTC v. Anheuser-Busch, Inc.*,
   363 U.S. 536 (1960) ............................................................................................................7

*Fusco v. Xerox Corp.*,
   676 F.2d 332 (8th Cir. 1982) ..............................................................................................2

*HDC Med., Inc. v. Minntech Corp.*,
   474 F.3d 543 (8th Cir. 2007) ..............................................................................................5

*JTC Petrol. Co. v. Piasa Motor Fuels, Inc.*,
   190 F.3d 775 (7th Cir. 1999) ..............................................................................................7

*Morgenstern v. Wilson*,
   29 F.3d 1291 (8th Cir. 1994) ..............................................................................................6

*Pac. Bell Tele. Co. v. Linkline Commc'ns*,
   555 U.S. 438 (2009) ............................................................................................................5

*Spectrum Sports, Inc. v. McQuillan,*
  506 U.S. 447 (1993)...............................................................................................5

*United States v. American Airlines,*
  743 F.2d 1114 (5th Cir. 1984) ..............................................................................7

*Utah Pie Co. v. Cont'l Baking Co.,*
  386 U.S. 685 (1967)............................................................................................4, 7

*Volvo Trucks N. Am., Inc. v. Reeder-Simco GMC, Inc.,*
  546 U.S. 164 (2006)...............................................................................................4

*Zwicker v. J. I. Case Co.,*
  596 F.2d 305 (8th Cir. 1979) ................................................................................2

**Statutes**

15 U.S.C. § 13(a) ......................................................................................................2, 3

15 U.S.C. § 1125(a)(1)(A) ............................................................................................8

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...............................................................................................1

Defendants PepsiCo, Inc. ("PepsiCo") and Bottling Group, LLC (t/a "Pepsi Beverages Company" or "PBC") respectfully submit this Reply Memorandum of Law in further support of their Motion to Dismiss Counts III, IV, and VI through X of the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

## I.      PRELIMINARY STATEMENT

Stripped of its hyperbole, repeated references to "red herrings," inflammatory rhetoric, and shifting product and market definitions, the Resistance filed by Plaintiff Mahaska Bottling Company Inc. ("Mahaska" or "Plaintiff") merely confirms the frailty of Mahaska's claims.[1]  In short, Mahaska's bombast cannot and does not shield Mahaska from the consequences of its failure to plead one or more essential elements of its claims.

Critically, Mahaska does not and cannot confront the fundamental problems Defendants identified with Mahaska's antitrust claims.  Mahaska affirmatively abandoned all of its Section 1 claims (Resistance at 2), and now pursues antitrust claims only under the Robinson-Patman Act and Sherman Act Section 2.  (*Id*. at 1.)  These remaining claims fall because Mahaska has failed to plead at least one essential element of each.  Instead of alleging two separate sales of commodities of like grade and quality, as required, Mahaska bases its Robinson-Patman Act claims on either (1) one sale and an intracompany transfer that does not count, or (2) two sales of products of different grade and quality.  The Sherman Act Section 2 claims fare no better because Mahaska has failed to plead the required elements of market power and antitrust injury.

The Resistance also fails to keep Mahaska's fiduciary duty claim alive, resorting primarily to a verbatim reproduction of the flawed allegations of the Amended Complaint. Mahaska once

---

[1] Mahaska also annexes documents to its Resistance that are neither referred to nor incorporated in the Amended Complaint. Although these documents are ultimately irrelevant to PepsiCo's dismissal arguments, PepsiCo respectfully submits that they are not properly before the Court and not properly considered on a motion to dismiss.

again fails to demonstrate the hallmark of a fiduciary relationship—the fiduciary's dominance and control—where it alleges it maintained the "freedom to decide whether to participate" in PepsiCo's national pricing programs.  (Am. Compl., Ex. C at 2.)

In defense of its Lanham Act claim, Mahaska merely points out that customer complaints regarding conduct associated with the use of the Pepsi mark in Mahaska territory are being appropriately directed to PepsiCo.  (Resistance at 25.)  It does not allege any customer confusion that would give rise to a viable Lanham Act claim.

Finally, the Resistance does not in any way counter Defendants' arguments for dismissal of Mahaska's claims for business defamation / disparagement.  Because that portion of Defendants' motion is unresisted, the Court can grant dismissal of that claim without notice.  (*See* LR 7f.)

## II.    ARGUMENT

### A.    THE RESISTANCE CONFIRMS THAT THE ROBINSON-PATMAN ACT IS INAPPLICABLE.

Mahaska fails to adequately plead either of the two alternative violations of the Robinson-Patman Act it has alleged.  Either violation requires a showing of (a) two or more consummated sales in commerce;[2] (b) reasonably close in point of time;[3] (c) of commodities of like grade and quality;[4] (d) at different prices;[5] (e) by the same seller to two or more different purchasers;[6] (f) for use, consumption, or resale within the United States;[7] that (g) may result in

---

[2] *See, e.g.*, *Fusco v. Xerox Corp.*, 676 F.2d 332, 337 (8th Cir. 1982) ("[I]in order to state a claim under the Robinson-Patman Price Discrimination Act, at least two sales must be alleged to different purchasers at different prices. Mere offers to sell are not sufficient." (internal citations omitted)).

[3] *See, e.g.*, *Zwicker v. J. I. Case Co.*, 596 F.2d 305, 309 (8th Cir. 1979).

[4] *See, e.g.*, 15 U.S.C. § 13(a); *Fusco*, 676 F.2d at 337 & n. 8; *Conoco, Inc. v. Inman Oil Co.*, 774 F.2d 895, 901 (8th Cir. 1985).

[5] *See, e.g.*, *Fusco*, 676 F.2d at 337; *Conoco*, 774, F.2d at 901.

[6] *See, e.g.*, 15 U.S.C. § 13(a); *Fusco*, 676 F.2d at 337.

[7] 15 U.S.C. § 13(a).

competitive injury.[8] According to Mahaska, either (1) PepsiCo granted discriminatorily favorable pricing to its wholly owned subsidiary, PBC, or (2) PepsiCo/PBC priced sales to third parties below PBC's costs.  (Am. Compl. at 168; Resistance at 15.)  Both theories fail as a matter of law because (1) the Robinson-Patman Act does not apply to intracompany transfers from a parent company to its subsidiary—*i.e.*, from PepsiCo to PBC, and (2) Mahaska does not allege that products sold to third parties were of like grade and quality to those sold to Mahaska.[9]

### 1.    Mahaska Fails to Allege that PepsiCo Made Two Sales of Products of Like Grade and Quality at Different Prices.

Mahaska's claim that PepsiCo price discriminated in favor of PBC against Mahaska with respect to soft drink concentrate sales (Am. Compl. at 168; Resistance at 15) fails because internal transfers from a parent to its subsidiary do not qualify as sales and cannot be used to sustain Robinson-Patman Act claims. (Moving Br. at 25 (citing *City of Mt. Pleasant v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 278–79 (8th Cir. 1988)).)

Mahaska's alternative claim that PepsiCo/PBC engaged in predatory pricing in favor of Dollar General against Mahaska with respect to carbonated soft drink products (Am. Compl. at 168; Resistance at 15) also cannot withstand scrutiny.  A Robinson-Patman predatory pricing claim must satisfy the Robinson-Patman Act's jurisdictional requirements—that is, it still must be the consequence of an unlawful price discrimination.  Here, the products PBC allegedly sold to the Dollar Chain (finished soft drink products) (*see, e.g.*, Am. Compl. ¶¶ 93–94) are different in grade and quality from the product Mahaska alleges it purchased from PepsiCo (concentrate, a

---

[8] *See, e.g., id.*; *Conoco, Inc. v. Inman Oil Co.*, 774 F.2d 895, 901 (8th Cir. 1985).

[9] Mahaska's predatory pricing claims additionally fail for the reasons discussed in Section II.B, *infra*.  "[W]hether [a] claim alleges a predatory pricing under § 2 of the Sherman Act or primary-line price discrimination under the Robinson-Patnam Act," there are two prerequisites that remain the same: (1) "[t]hat the prices complained of are below an appropriate measure of its rival's costs," and (2) "that the competitor had a reasonable prospect, or, under § 2 of the Sherman Act, a dangerous probability, of recouping its investment in below-cost prices."  *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 222-24 (U.S. 1993).

soft drink ingredient) (*see, e.g.*, Am. Compl. ¶ 21).  Accordingly, Mahaska has failed to plead an essential element of predatory pricing under the Robinson-Patman Act.

### 2.    Mahaska Fails to Allege Antitrust Injury.

Even if the Robinson-Patman Act did apply—and it does not—Mahaska's claims would fail on the independent ground that Mahaska cannot show competitive injury. "Absent *actual competition* with a favored [purchaser], [Plaintiff] cannot establish the competitive injury the [Robinson-Patman] Act requires."  *Volvo Trucks N. Am., Inc. v. Reeder-Simco GMC, Inc.*, 546 U.S. 164, 166 (2006) (emphasis added).[10]  PBC and Mahaska sell Pepsi- and Dr Pepper-branded carbonated soft drinks in distinct exclusive territories (Am. Compl. ¶¶ 16–17) and thus are not "in actual competition . . . for the same customer."  *Volvo Trucks*, 546 U.S.  at 165–66 (absent showing that manufacturer discriminated between "dealers competing to resell its product to the *same retail customer*," secondary-line price discrimination liability does not attach (emphasis added)).  Mahaska's claim that PBC is "waiting in the wings" (Resistance at 11) to enter Mahaska's territory is simply not enough.

### B.    THE RESISTANCE CONFIRMS THAT MAHASKA HAS FAILED TO PLEAD THE ELEMENTS OF A SHERMAN ACT SECTION 2 CLAIM.

### 1.    Mahaska Fails to Plead Market Power.

Mahaska wrongly asserts that "market power is NOT an element" of an attempted monopolization claim.  (Resistance at 8 (original emphasis).)  All Sherman Act Section 2 claims alleged by Mahaska[11] require a pleading of market power in the relevant product and geographic

---

[10]  Mahaska's attempt to use the decision in *Utah Pie Co. v. Cont'l Baking Co.* to assert that "the predator in a pricing scheme does not have to sell into the plaintiff's existing markets" (Resistance at 12) fails.  In *Utah Pie*, the Court found price discrimination where the alleged offenders sold frozen pies into plaintiff's geographic market at prices lower than it sold pies of like grade and quality elsewhere (including markets considerably closer to the offenders' manufacturing operations).  386 U.S. 685, 690 (1967).

[11]  Plaintiff continues to assert a "price squeeze" theory, alleging that PepsiCo is using concentrate prices to "effectively squeeze Mahaska out of existence" (Resistance at 20), and citing a 2006 Eighth Circuit decision for the proposition that price squeeze is cognizable under the antitrust laws.  (Resistance at 19 (citing *Foam Supplies, Inc. v.*

markets.[12]  *See, e.g.*, *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 459 (1993). To prevail on an attempt-to-monopolize claim, a plaintiff must show "(1) a specific intent by the defendant to control prices or destroy competition; (2) predatory or anticompetitive conduct undertaken by the defendant directed to accomplishing the unlawful purpose; and (3) a dangerous probability of success." *HDC Med., Inc. v. Minntech Corp.*, 474 F.3d 543, 549 (8th Cir. 2007) (internal quotation marks omitted). Alleged market power is necessary to satisfy the "dangerous probability of success" element. *See, e.g.*, *id.* at 550 (dangerous probability of success is "examined by reference to the offender's share of the relevant market").

Similarly, to state a claim for predatory pricing under Sherman Act Section 2 (as well as the Robinson-Patman Act), a plaintiff must allege (1) that a "rival was pricing below cost" and (2) the rival's "eventual ability to recoup its losses from pricing below cost." *Bathke v. Casey's Gen. Stores, Inc.*, 64 F.3d 340, 344 (8th Cir. 1995).  Market power must be alleged to satisfy the recoupment element.  *See, e.g.*, *Brooke Grp.*, 509 U.S. at 225–26 (to recoup losses predators "must obtain enough market power" to set and sustain higher than competitive prices (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 590–591 (1986))).

Mahaska's misleading refrain that "PepsiCo and DPSG *branded* products together account for more than 50% of sales of CSD" (Resistance at 8; Am. Compl. ¶ 98) (emphasis added), is not an allegation regarding Defendants' market power in a relevant product or

---

*Dow Chem. Co.*, No. 4:05CV1772 CDP, 2006 U.S. Dist. LEXIS 53497 (E.D. Mo. Aug. 2, 2006)).)  However, this decision predates the 2009 Supreme Court holding—ironically termed by Plaintiff as an "old" decision (Resistance at 19)—that price squeeze does not constitute an independent antitrust right of action under the Sherman Act.  *See Pac. Bell Tele. Co. v. Linkline Commc'ns*, 555 U.S. 438, 452 (2009).

[12] Mahaska continues to conflate an alleged product market for concentrate and an alleged product market for carbonated soft drinks, (*see* Moving Br. at 5; Resistance at 8–9; *see also* FTC Complaint, Am. Compl. Ex. E at 5 (¶ 30), at 6 (¶¶ 32-33) (defining market for concentrate and that for carbonated soft drinks as two *separate* markets)). Mahaska is similarly loose with its discussion of the relevant geographic market (alternatively referring to the entire United States (Am. Compl. ¶¶ 6, 79, 98), the Mahaska territories (*id.* ¶¶ 94, 98), the states of Iowa, Kansas and Nebraska (*id.* ¶ 96), or "some geographical areas" (*id.* ¶ 220)).

geographic market.  Nor is Mahaska's claim that in Mahaska's territories, Pepsi- and Dr Pepper-branded products "together account" for more than 80% of carbonated soft drink sales.  (Am. Compl. ¶ 98.)[13]  To the contrary, this statement speaks only to *Mahaska's* share of carbonated soft drink sales in these territories—not that of PepsiCo or PBC, neither of which even sell carbonated soft drinks in Mahaska's exclusive territory.[14]  Even if Mahaska's shares could be imputed to PepsiCo and DPSG—and Mahaska asserts no economic or legal basis for doing so—it would make no difference because according to Mahaska the 80% figure represents the *aggregate* share of Pepsi- and Dr Pepper-branded products.  (*Id.*)  Plaintiff makes no allegation that the independent share for Pepsi-branded soft drinks is sufficient to satisfy the required threshold for market power under Section 2 of the Sherman Act.

## 2.   Mahaska Fails to Plead Shared Monopoly / Joint Monopolization.

Plaintiff confoundingly presses its cause of action for joint monopoly (Resistance at 22), even though the Eighth Circuit has not recognized the existence of such a claim.  *See Morgenstern v. Wilson*, 29 F.3d 1291, 1295 n.2 (8th Cir. 1994) (declining to resolve (i) whether joint monopolization claims are cognizable under Section 2; and (ii) if so, whether conspiracy would be required to sustain a such a claim).  Even courts in the federal circuits that have recognized shared monopoly or joint monopolization under Sherman Act Section 2, however,

---

[13] Mahaska's claim that "PBC has the exclusive right to sell PepsiCo products in almost 80% of the United States" (Am. Compl. ¶ 98) is irrelevant because PBC and Mahaska sell Pepsi-branded products within distinct exclusive territories.  (*See id.* ¶¶ 16-17.)

[14] Mahaska alleges no share in the relevant geographic market attributable to either PepsiCo or PBC.  None of the cases Mahaska cites to support that smaller market shares than those required for a monopolization claim can support an attempted monopolization claim, support the assertion that zero or a trivial market share is sufficient.  *See Defiance Hospital Inc. v. Fauster-Cameron, Inc.*, 344 F. Supp. 2d 1097, 1117 (N.D. Ohio 2004) ("market share of thirty percent is presumptively insufficient" (citing *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 26 (1984))); *Dimmitt Agri Indus., Inc. v. CPC Int'l Inc.*, 679 F.2d 516, 533 (5th Cir. 1982) ( "courts have often found market shares of ten percent or less inadequate to prove attempt"); *Domed Stadium Hotel, Inc. v. Holiday Inns, Inc.*, 732 F.2d 480, 491 (5th Cir. 1984) ("[A] market share of less than ten percent, as a matter of law, usually will not support a finding of attempt to monopolize.").

have required the allegation of an agreement, *see, e.g.*, *JTC Petrol. Co. v. Piasa Motor Fuels, Inc.*, 190 F.3d 775, 780–81 (7th Cir. 1999)—or, at the minimum, an invitation to collude by the defendant (as in the Fifth Circuit case cited by Plaintiff).[15]  But Mahaska has now abandoned its original, conclusory allegation that Defendants conspired with Dr Pepper, and explicitly states that it does not assert antitrust conspiracy as an "element of *any* claim."  (Resistance at 2 (original emphasis); *see* Orig. Compl. ¶¶ 53–55.)  Nowhere in the Amended Complaint is there any allegation of an invitation to collude or any other coordinated effort to jointly monopolize with Dr Pepper (or any other party) any relevant product or geographic market.

### 3.    Mahaska Fails to Plead Antitrust Injury.

Finally, Mahaska fails to address how, even if all of its baseless allegations are accepted as true, *competition* (*i.e.*, consumers) plausibly could be harmed by the substitution of one exclusive Pepsi bottler for another exclusive Pepsi bottler.  (Moving Br. at 19–20.)  The cases Mahaska cites supporting the proposition that foreclosure of a *direct competitor* can constitute antitrust injury are inapposite.[16]

### C.    THE RESISTANCE CONFIRMS THAT THERE IS NO FIDUCIARY RELATIONSHIP BETWEEN PEPSICO AND MAHASKA.

Mahaska concedes that the "crux" of its breach of fiduciary duty claim is language from the so-called Rule of 94 letter, making the assertion of the claim against PBC entirely improper.  (*See* Resistance at 23–24.)  Given Mahaska's concession, it is somewhat surprising that Mahaska

---

[15] Plaintiff cites *United States v. American Airlines*, 743 F.2d 1114 (5th Cir. 1984), for the proposition that one "need not allege or prove an agreement to monopolize in order to establish an attempted joint monopolization on § 2 of Sherman Act."  (Resistance at 22 (quoting *American Airlines*, 743 F.2d at 1117).)

[16] *See, e.g.*, *3M v. Appleton Papers Inc.*, 35 F. Supp. 2d 1138 (D. Minn. 1999) (denying summary judgement where competitor entered into sole-source relationships, potentially to the exclusion of competitor suppliers); *Utah Pie Co. v. Cont'l Baking Co.*, 386 U.S. 685 (1967) (finding price discrimination where the alleged offenders sold frozen pies into plaintiff's geographic market at prices lower than it sold pies of like grade and quality in considerably closer markets); *FTC v. Anheuser-Busch, Inc.*, 363 U.S. 536 (1960) (upholding a finding of price discrimination where Anheuser-Busch lowered prices in St. Louis without making similar reductions elsewhere, diverting business away from its St. Louis competitors).

makes no attempt to refute PepsiCo's argument that the reference in the Rule of 94 letter to PepsiCo making "'headquarters calls' on behalf of" bottlers does not support a fiduciary relationship because PepsiCo had no authority to require its bottlers to offer or sell Pepsi products at a certain price. (*See* Resistance at 22–24.) Without the ability to compel its bottlers to participate in national pricing programs—an ability Mahaska concedes PepsiCo lacks (*see* Am. Compl. ¶ 35)—PepsiCo could not have exercised "dominance" over Mahaska, as is required to sustain a breach of fiduciary duty claim. (*See* Moving Br. at 27 (collecting cases).)

### D.   THE RESISTANCE CONFIRMS THAT MAHASKA'S LANHAM ACT CLAIM IS UNFOUNDED.

The Resistance fares no better in trying to defend Mahaska's Lanham Act claim. Indeed, Mahaska tacitly acknowledges that—as against PepsiCo—this claim cannot stand, but continues to press the claim against PBC. (*See* Resistance at 25 (noting claim may not be enforceable against PepsiCo).) However, Mahaska also has no claim as against PBC. While Mahaska claims to have an exclusive right to use the Pepsi mark in its territories (*see id.*; Am. Compl. ¶ 17), the agreements attached to the Amended Complaint make clear that no such exclusive right exists. Rather, Mahaska has an exclusive *sales* territory, but PepsiCo owns the *mark* and determines how it is used. (*See* Am. Compl., Ex. A at 2 (¶¶ 11-12), 5 (¶ 12), 10 (¶ 15), 14 (¶ 15).)[17]

To allege a Lanham Act claim under 15 U.S.C. § 1125(a)(1)(A), Mahaska also must plead facts sufficient to show that PBC's use of the Pepsi mark "actually cause[d], or is likely to cause confusion among consumers as to the source of the product." *Co-Rect Prods., Inc. v. Marvy! Advert. Photography, Inc.*, 780 F.2d 1324, 1330 (8th Cir. 1985). This it has not done and cannot do. To the contrary, all Mahaska's arguments and allegations establish is that when a

---

[17] Moreover, the EBA's only grant exclusive territorial rights as to specific-named products. (*See,* e.g., Am. Compl. Ex. A at 1 (Pepsi), 8 (Diet Pepsi), and 12 (Mountain Dew).) Other companies would have the right to deliver non-exclusive products (including PepsiCo snacks, sports beverages (such as Gatorade) and other similar products) in the Mahaska territories.

customer complains about conduct associated with the Pepsi mark, it complains *to PepsiCo*—the registered owner of the mark.  (*See* Resistance at 25; Am. Compl. ¶ 238.)

### III.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that Counts III, IV, and VI through X of the First Amended Complaint be dismissed with prejudice so the parties can focus on the actual dispute here—an ordinary, two-way disagreement over the interpretation of the contractual rights between Mahaska and PepsiCo.

*/s/Linda H Martin*

Linda H. Martin
Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10011
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
E-mail: linda.martin@freshfields.com

Thomas Ensign
Freshfields Bruckhaus Deringer US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
E-mail: thomas.ensign@freshfields.com

Ryan G. Koopmans (AT0009366)
NYEMASTER GOODE P.C.
700 Walnut Street, Suite 1600
Des Moines, IA 50309
Telephone: (515) 283-3100
Facsimile: (515) 283-3108
Email:  rkoopmans@nyemaster.com

**ATTORNEYS FOR DEFENDANTS
PEPSICO, INC. and BOTTLING
GROUP, LLC**

9