**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| **MAHASKA BOTTLING COMPANY, INC.,**<br><br>*Plaintiff,*<br>v.<br><br>**PEPSICO, INC. and BOTTLING GROUP, LLC,**<br><br>*Defendants.* | **Case No.** 4:16-cv-00114-JEG-SBJ<br><br>**PLAINTIFF'S SUR-REPLY IN RESISTENCE TO MOTION TO DISMISS TO ADDRESS DISCRETE LANHAM ACT ISSUE** |

In its Reply in Support of its Motion to Dismiss the Lanham Act claims, PepsiCo contends that "all Mahaska's arguments and allegations establish is that when a customer complains about conduct associated with the Pepsi mark, it complains to *PepsiCo*—the registered owner of the mark." The argument is a continuation of a line of reasoning that because PepsiCo "owns" the Pepsi trademark, then when *PBC* causes confusion in Mahaska's territories and customers complain to PepsiCo, there is no "actual confusion" that is actionable under Mahaska's Lanham Act claim. (*See* Reply Br., Doc.# 29-1, at p. 30).

PepsiCo's argument conveniently re-glosses over the allegation that it is *PBC*—not PepsiCo—who does NOT own the Pepsi mark, but whose actions violate the Lanham Act by shipping products into Mahaska's territories using trucks and uniforms labelled with the Pepsi mark.[1] (*See* Am. Compl. at ¶ 26 ("PBC has engaged in commerce within the Mahaska Territories

---

[1] *See* 15 U.S.C. § 1125(a)(1). That code makes it unlawful for "any person who, on or ***in connection with*** any goods or services, ***or [on] any container for goods***, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which – (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities[.], shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

1

by calling on Mahaska customers, placing **Pepsi branded equipment**, **driving Pepsi branded trucks**, and **wearing Pepsi branded uniforms**.") (emphasis added)) Thus, it implicitly suggests that because PepsiCo owns the mark, then it may allow anyone to violate Mahaska's rights. There is no case law to support that fact.

Indeed, Mahaska articulated that there is actual confusion not because customers call PepsiCo to complain, but that they are calling PepsiCo to complaint about *Mahaska*, for the actions of *PBC*:

> PBC actions have directly resulted in actual customer confusion – as PepsiCo's own customer complaint database will reflect, customers angry with PBC have complained to PepsiCo, who has forwarded the complaints to *Mahaska* – demonstrating that (1) even at PepsiCo, for the Mahaska Territories, Mahaska is synonymous with "Pepsi"; and (2) that PBC has caused actual confusion at PepsiCo itself.

Am. Complaint at ¶ 238. Therefore, Mahaska has not only alleged *potential* confusion (which is a lesser burden than actual confusion), it has alleged the basis for finding *actual* confusion among its customers.[2] PepsiCo's position that PBC's use of the Pepsi mark in the Mahaska Territories, where Mahaska has always been synonymous with Pepsi, it not a violation of the Lanham Act is untenable.

---

[2] Indeed, Plaintiff would point out to PepsiCo that just last week, PepsiCo again forwarded a complaint from a retailer in Mahaska's territory, but pertaining to products and activities of its own bottler, PBC – who, although it is not allowd to sell Pepsi in Mahaska's territories, nonetheless ships and does business in Mahaska's territories as "Pepsi" by wearing Pepsi branded uniforms and running Pepsi marked trucks.

Respectfully submitted,

*/s/ Jason H. Friedman*

Jason H. Friedman
*Admitted pro hac vice*
**FRIEDMAN & FEIGER, LLP**
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
972-450-7339
972-788-2667 *fax*
jhfriedman@fflawoffice.com

and

Mazin A. Sbaiti
*Admitted pro hac vice*
**SBAITI & COMPANY PLLC**
5307 E. Mockingbird Lane
Fifth Floor
Dallas, Texas 75206
214-432-2899
214-853-4356 *fax*
sbaitiandcompany@gmail.com

and

Johannes (John) H. Moorlach
**WHITFIELD & EDDY, PLC**
699 Walnut Street, Suite 2000
Des Moines, Iowa 50309
515-246-5501
515-246-1474 *fax*
moorlach@whitfieldlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **December 6, 2016**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties and counsel of record.

*/s/ Jason H. Friedman*