UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

---------------------------------------------------------------- x
MAHASKA BOTTLING COMPANY, INC.                :
                                              :
           Plaintiff,                    :
                                              :
           v.                            : Civil Action Docket
                                              : No. 4:16-cv-00114-JEG-SBJ
PEPSICO, INC. and BOTTLING GROUP, LLC,        :
                                              :
           Defendants.                   :
                                              :
---------------------------------------------------------------- x

## STIPULATED PROTECTIVE ORDER

    THIS Stipulated Protective Order is made by and among Plaintiff, Mahaska Bottling Company, Inc. and Defendants, PepsiCo, Inc. and Bottling Group, LLC (collectively "the parties").

    WHEREAS, the parties are in need of discovery in this action in order to prosecute and defend the claims made herein; and

    WHEREAS, the parties seek to prevent undue or unwarranted disclosure of confidential personal, commercial, financial, proprietary, copyrighted, trademarked, patented, trade secret and design information and/or materials which may be divulged pursuant to discovery in this action; and

    WHEREAS, the parties desire to facilitate discovery and maintain the confidentiality of such information.

    NOW, THEREFORE, by stipulation and pursuant to the Federal Rules of Civil Procedure, the parties agree as follows:

1. Any party may designate and visibly mark as "CONFIDENTIAL" on any document produced, or discovery response served, any non-public document, material, or information or group of documents, materials, or information, which the producing party in good faith has determined contains confidential, personal, commercial, financial, proprietary, copyrighted, trademarked, patented, trade secret and/or non-public design information, and may produce or serve such information marked as "Confidential" without waiving any applicable privilege or ground for objection. Such designation constitutes a representation by the producing party that it has a reasonable basis to believe that the information so designated is, in fact, information appropriate for protection as confidential and that it is entitled to that protection.

2. Any party may designate and visibly mark as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any extremely sensitive information, the disclosure of which to another party's principals, owners, partners, executives, employees or in-house advisors, or to a non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Certain information may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, the party seeking to designate additional protections shall move the Court for appropriate relief within five (5) days of the meet and confer conference.

3. The parties shall not disclose information designated as "CONFIDENTIAL" except in compliance with the provisions herein and as follows:

    a. To the officers, directors, employees and attorneys of the requesting party (including in-house counsel), but only to the extent that the purpose of disclosing such materials is to further the prosecution or defense of any claims in this action;

    b. To experts or consultants retained or employed by the requesting party in connection with this action, but only to the extent that the purpose of disclosing such materials is to further the prosecution or defense of any claims in this action;

    c. To court reporters and their staff, professional jury or trial consultants, mock jurors, and other professional vendors, but only to the extent deemed by their counsel to be necessary for the proper representation of their clients in this action;

    d. To witnesses for deposition or trial or in preparation for deposition or trial if counsel has a good faith basis to believe the witness has knowledge of the subject matter of the Protected Information; **such witnesses shall not be sent copies of confidential documents or information, nor may they retain such copies**;

    e. To the Court and its personnel;

    f. To other persons as may be designated by written stipulation of counsel for the designating party; and

    g. By specific order of the Court.

4. The parties shall not disclose information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" except in compliance with the provisions herein and to the following persons:

    a. The receiving party's outside attorneys;

    b. To experts or consultants retained or employed by the requesting party in connection with this action, but only to the extent that the purpose of disclosing such materials is to further the prosecution or defense of any claims in this action;

    c. To court reporters and their staff, professional jury or trial consultants, mock jurors, and other professional vendors, but only to the extent deemed by their counsel to be necessary for the proper representation of their clients in this action;

    d. To witnesses for deposition or trial or in preparation for deposition or trial if counsel has a good faith basis to believe the witness has knowledge of the subject matter of the Protected Information; **such witnesses shall not be sent copies of confidential documents or information, nor may they retain such copies**; any person not entitled to receive such information shall not be allowed in the deposition or room during the examination of such information;

    e. To the Court and its personnel;

    f. To other persons as may be designated by written stipulation of counsel for the designating party; and

    g. By specific order of the Court.

5. Unless otherwise permitted by this Protective Order, all information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": (a) shall **not** be disclosed or used for any purpose other than for prosecuting, defending, or attempting to settle this litigation; (b) shall **not** be disclosed to or used by any third party, unless there is an order of this Court to the contrary; and (c) shall **not** be filed with the Court, as an exhibit, as part of a deposition transcript, pleading, motion, memorandum, or otherwise, unless such matter is filed under seal in the manner described in paragraph ~~12~~ 11 of this Protective Order (and in accordance with any applicable Case Management Order issued by the presiding judge).

6. Each person given access to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" **or information derived therefrom** shall be advised that such material and/or information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof. All experts, consultants, and witnesses to whom such information is to be provided shall be required to sign, prior to receiving the information, an agreement in the form attached hereto as Exhibit "A," which agreement shall be retained by counsel for the party disclosing the information.

7. When oral information is given at a deposition and when a party's counsel deems that the answer to a question will result in the disclosure of information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

    a. The party offering another party's "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, shall,

prior to raising such information or documents for examination by the witness, instruct all persons not entitled to receive such information to exit the deposition proceedings. To the extent that any person instructed to leave a deposition pursuant to this paragraph 7a refuses to leave the deposition, the parties shall confer as to whether to (i) seek an immediate ruling from the Court concerning the instructed person's continued presence at the deposition; (ii) continue the deposition but hold the specific line of questioning that would elicit the "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in abeyance until a ruling can be obtained from the Court; or (iii) suspend the deposition in its entirety until a ruling from the Court can be obtained.

b. Any party's counsel may state on the record that the documents referred to or the testimony elicited constitutes information designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and that the transcript of that portion of the deposition should be filed in the manner prescribed below.

c. Any party's counsel may also designate any portion of a deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such designation shall be made within twenty-one (21) days after receipt of the transcript.

8. If counsel for a party receiving documents or information designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" hereunder objects to such designation of any or all such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information is "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the proprietary nature of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

    b. If a dispute as to a "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

    c. The burden of proving the confidentiality of information designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" remains with the designating party.

9. Pursuant to and consistent with Federal Rules of Evidence 502(d), if Protected Documents or any other document or information subject to a claim of attorney-client privilege, work-product immunity, trade secret protection, or any other relevant privilege or immunity under relevant case law and rules, production of which should not have been made to any party, is inadvertently produced to such party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, trade secret protection, or any other ground for withholding production to which any party producing the documents or information would otherwise be entitled. In the event that a party discovers that it has received either attorney-client privilege or work-product documents, it will bring that fact to the attention of the Producing Party immediately upon discovery. Any such inadvertently produced materials shall be returned promptly to the Producing Party upon request and all copies destroyed upon request, and no use thereof shall be made by the party to whom such documents or information were inadvertently produced, except to the extent necessary to present the issues concerning privilege to the Court.

10. Failure to denominate documents or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the foregoing manner shall not constitute a waiver by any party of the right to designate the document or information as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the failure is inadvertent. Counsel, upon notification of the designation, must make timely reasonable efforts to assure the material is treated in accordance with the provisions of this Protective Order.

11. Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall **not** be filed as a matter of course with the Court, but **only** when necessary for consideration by the Court or trier of fact and deemed by counsel to be necessary for the proper presentation of a pending motion, claim, or defense. Any documents, materials, information, exhibits, answers to interrogatories, responses to requests for admissions, or transcripts of deposition testimony which comprise or contain information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or any pleading, motion, or memorandum purporting to reproduce or paraphrase such information, shall only be filed pursuant to an order from the Court permitting the sealing of such information. Nothing in this Protective Order shall restrict the use of any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at any hearing or the trial of this case; provided that any party reserves the right to request that the Court utilize appropriate procedures for the protection of such information to prevent public disclosure of such information.

12. In the event any third party seeks discovery of the information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order from a party hereto (or from an expert or consultant employed by such party), the party from whom the discovery is sought shall give prompt notice to the designating

parties by notifying the parties' counsel in writing in order that the party may have an opportunity to intervene in opposition to such discovery.

13. The terms of this Protective Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions prohibits a non-party from seeking additional protections.

14. Upon the decision in this action becoming final, the action being settled, or, should a final decision be appealed by any party to this action, upon the completion of all appeals herein, all information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," including all copies, abstracts, compilations, summaries, memorandums, pleadings, court documents, or transcripts reproducing or capturing any of the information, shall be, at the election of the producing party, either returned to the party producing such information at the producing party's expense or destroyed. If the producing party elects to have the receiving party destroy the information, the receiving party and its counsel shall, upon written request of the producing party, certify in writing that all information has been destroyed.

15. Counsel for each party obtaining information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall maintain and retain all agreements in the form of Exhibit "A" hereto and, for good cause shown, such counsel shall be required to produce such agreements to any other party in the event a reasonable basis exists for the belief that this Protective Order has been violated.

16. Within sixty (60) days after the conclusion of this litigation, counsel for each party shall, at the written request of any other party, provide the requesting party's counsel with a list of all persons who received information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the course of this litigation.

17. In the event anyone shall breach or violate, or threaten to breach or violate, any terms of this Protective Order, the designating party may immediately apply to obtain injunctive relief against any such person breaching or violating, or threatening to breach or violate, the terms of this Protective Order. In the event the designating party makes such an application for injunctive relief, the respondent person subject to the provisions of this Protective Order shall not be able to employ as a defense that there is an adequate remedy at law. Any breach or violation of this Protective Order shall subject the responsible person or party to sanctions by the Court. This Protective Order shall not be construed as an exclusive remedy or as a waiver of the designating party's right to seek further redress for a breach of this Protective Order.

18. This Protective Order shall not be construed:

   a. to broaden the permissible scope of discovery in this action;

   b. as a waiver of any party's right to object to the furnishing of discovery;

   c. as an admission by any party that any particular material contains or reflects trade secrets, proprietary or commercial information, or other confidential matter; or

   d. to prejudice any party's right to apply to the Court for a Protective Order.

19. Each of the firms and parties named above undertakes to abide by and be bound by the provisions of this Protective Order and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: February 23, 2017

By: /s/ Jason H. Friedman
Johannes (John) H. Moorlach
WHITFIELD & EDDY, PLC
699 Walnut Street, Suite 2000
Des Moines, IA 50309
Telephone: (515) 246-5501
Fax: (515) 246-1474
Email: moorlach@whitfieldlaw.com

Jason H. Friedman
FRIEDMAN & FEIGER, LLP
5301 Spring Valley Road, Suite 200
Dallas, TX 75254
(972) 788-1400
Fax: (972) 788-2667
Email: jhfriedman@fflawoffice.com

Mazin A. Sbaiti
Sbaiti & Company PLLC
5307 Mockingbird Lane, Fifth Floor
Dallas, TX 75206
(214) 432 2899
Fax: (214) 853-5367
Email: sbaitiandcompany@gmail.com

*ATTORNEYS FOR PLAINTIFF
MAHASKA BOTTLING COMPANY INC.*

Dated: February 17, 2017

By: [signature]
Linda H. Martin
Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue, 31st Floor
New York, NY 10011
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
E-mail: linda.martin@freshfields.com

Thomas Ensign
Freshfields Bruckhaus Deringer US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
E-mail: thomas.ensign@freshfields.com

Ryan G. Koopmans (AT0009366)
NYEMASTER GOODE P.C.
700 Walnut Street, Suite 1600
Des Moines, IA 50309
Telephone: (515) 283-3100
Facsimile: (515) 283-3108
Email: rkoopmans@nyemaster.com

*ATTORNEYS FOR DEFENDANTS
PEPSICO, INC. and BOTTLING GROUP, LLC*

PURSUANT TO STIPULATION, IT IS SO ORDERED,

Dated: March 1, 2017

_____
United States Judge

## **EXHIBIT "A"**

NAME

ADDRESS

POSITION

    I understand that confidential documents and/or information are being provided and disclosed to me solely for purposes related to *Mahaska Bottling Company, Inc. v. PepsiCo, Inc., et al.*, Case No. 4:16-cv-00114-JEG-SBJ, pending in the United States District Court for the Southern District of Iowa. I have been advised that such confidential documents and the information contained therein may **not** be disclosed or used for any purpose whatsoever other than in connection with my acting as an expert, consultant, or witness in this case.

    I acknowledge receipt of a copy of the Protective Order between the parties in the above-referenced case and I agree to its terms. I have been advised that any unauthorized use or disclosure of such information may subject me to sanctions by the Court and I submit myself to the jurisdiction of the above-referenced Court with regard to any dispute regarding my use or disclosure of such information. I will return all information that comes into my possession to the counsel who provided it to me at the conclusion of this litigation.

Signature: _____

Printed Name: _____

Dated: _____

US2677153