IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MAHASKA BOTTLING COMPANY, INC.; PEPSI-COLA BOTTLING COMPANY OF SALINA, INC.; and PEPSI-COLA BOTTLING COMPANY OF NORFOLK, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> PEPSICO, INC.; and BOTTLING GROUP, LLC, <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br> No. 4:16-cv-00114 –JEG <br><br> **VERDICT FORMS** |
| PEPSICO, INC., <br><br> Counterclaim Plaintiff, <br><br> vs. <br><br> MAHASKA BOTTLING COMPANY, INC.; PEPSI-COLA BOTTLING COMPANY OF SALINA, INC.; and PEPSI-COLA BOTTLING COMPANY OF NORFOLK, INC., <br><br> Counterclaim Defendants. | |

1. On Mahaska's claim that PepsiCo breached Paragraph 8 of the Omnibus Side Letter by agreeing to make certain reimbursements to Mahaska for pricing offers Mahaska claims PepsiCo made to Dollar General, Family Dollar, and/or Dollar Tree, but failing to make such reimbursements, as set forth in Instruction Nos. 12 & 16, we the jury find for:

_____✓ _M.K._____         _____

    Mahaska                               PepsiCo

(If you found for Mahaska on this claim, proceed to Interrogatories 1.a. and 1.b. If you found for PepsiCo, proceed to Question 2 and do not answer any interrogatories in Question 1.)

1

a. Having found for Mahaska on Question 1, to which of the three entities do you find PepsiCo made such pricing offers:

   i. Dollar General ~~░░░~~ yes -MK

   ii. Family Dollar ~~░░░~~ no -MK

   iii. Dollar Tree ~~░░░~~ no -MK

b. As to the entity or entities identified in Interrogatory 1.a., Mahaska has proven damages, if any, (less mitigation amounts, if any), in the amount(s) of:

   i. Dollar General  2,659,000 -MK

   ii. Family Dollar  0 -MK

   iii. Dollar Tree  0 -MK

2. On Mahaska's claim that it had a contract with PepsiCo that required PepsiCo to financially support Mahaska under a Big Bets funding program in 2016, but that PepsiCo failed to reimburse Mahaska for the full amount of financial support that Mahaska claims, as set forth in Instruction Nos. 13 & 16, we the jury find for:

   ✓ -MK                                  _____

   Mahaska                                PepsiCo

(If you found for Mahaska on this claim, proceed to Interrogatory 2.a. If you found for PepsiCo, proceed to Question 3 and do not answer the interrogatory in Question 2.)

Case 4:16-cv-00114-JEG-SBJ   Document 387   Filed 11/20/19   Page 2 of 7

    a. Having found for Mahaska on Question 2, Mahaska has proven damages in the amount of: $306,540.10 *MK*

3. On PepsiCo's claim that Mahaska breached Paragraph 8 of the Omnibus Side Letter by improperly inflating reimbursement requests to PepsiCo, as set forth in Instruction Nos. 14 & 16, we the jury find for:

    ✓ *MK*  
    Mahaska                PepsiCo

(If you found for PepsiCo on this claim, proceed to Interrogatory 3.a. If you found for Mahaska, proceed to Question 4 and do not answer any interrogatories in Question 3.)

    a. Mahaska raises the defense of Voluntary Payment as defined in Instruction No. 21 against PepsiCo's claim that Mahaska breached Paragraph 8 by improperly inflating reimbursement requests. Do you find that Mahaska has proven this defense?

    _____          _____  
    Yes                No

(If you answered Yes, proceed to Question 4 and do not answer any further interrogatories in Question 3. If you found Mahaska has not proven this defense, proceed to Interrogatory 3.b.)

b. Having found for PepsiCo on Question 3, and against Mahaska on Interrogatory 3.a., PepsiCo has proven damages, if any, (less mitigation amounts, if any), in the amount of: __0__ *MK*

(If you found for PepsiCo on Question 3 and answered Interrogatory 3.b., proceed to Question 5 and do not answer Question 4.)

4. On PepsiCo's claim that Mahaska breached an implied covenant of good faith and fair dealing by overcharging PepsiCo in reimbursement requests under Paragraph 8 of the Omnibus Side Letter, as set forth in Instruction No. 19, we the jury find for:

__✓__ *MM*                              _____
Mahaska                                  PepsiCo

(If you found for PepsiCo on this claim, proceed to Interrogatory 4.a. If you found for Mahaska, proceed to Question 5 and do not answer any interrogatories in Question 4.)

a. Mahaska raises the defense of Voluntary Payment, as defined in Instruction No. 21 against PepsiCo's claim that Mahaska breached an implied covenant of good faith and fair dealing by overcharging PepsiCo in reimbursement requests under Paragraph 8. Do you find that Mahaska has proven this defense?

_____                              _____
Yes                                     No

(If you answered Yes, proceed to Question 5 and do not answer any further interrogatories in Question 4. If you found Mahaska has not proven this defense, proceed to Interrogatory 4.b.)

4

b. Having found for PepsiCo on Question 4, and against Mahaska on Interrogatory 4.a., PepsiCo has proven damages, if any, (less mitigation amounts, if any), in the amount of: __0__ *MM*

5. On PepsiCo's claim that Mahaska delivers syrup to national account customers as its agent and is only permitted to keep a store-door delivery fee, but that Mahaska has breached the contracts by keeping more than that amount, as set forth in Instruction Nos. 15 & 16, we the jury find for:

__✓ MM__                              _____
Mahaska                                 PepsiCo

(If you found for PepsiCo on this claim, proceed to Interrogatory 5.a. If you found for Mahaska, proceed to Question 6 and do not answer any interrogatories in Question 5.)

a. Mahaska raises the defense of Statute of Limitations as defined in Instruction No. 20 against PepsiCo's claim. Do you find that Mahaska has proven this defense?

_____                              _____
Yes                                     No

(If you answered Yes, proceed to Question 6 and do not answer any further interrogatories in Question 5. If you found Mahaska has not proven this defense, proceed to Interrogatory 5.b.)

b. Having found for PepsiCo on Question 5, and against Mahaska on Interrogatory 5.a., PepsiCo has proven damages, if any, (less mitigation amounts, if any), in the

amount of: __0__ _MM_

6. On Mahaska's claim that PepsiCo intentionally and improperly interfered with a prospective contractual or business relationship with Dollar General and Family Dollar, as set forth in Instruction No. 22, we the jury find for:

   _____          __✓__ _MM_
   Mahaska                  PepsiCo

   (If you found for Mahaska on this claim, proceed to Interrogatory 6.a. If you found for PepsiCo, proceed to Question 7 and do not answer any interrogatories in Question 6.)

   a. Having found for Mahaska on Question 6, to which of the three entities do you find PepsiCo intentionally and improperly interfered:

      i. Dollar General   _____

      ii. Family Dollar   _____

   b. As to the entity or entities identified in Interrogatory 6.a., Mahaska has proven damages, if any, (less mitigation amounts, if any), in the amount(s) of:

      i. Dollar General   _____

      ii. Family Dollar   _____

7. On PepsiCo's claim that Mahaska intentionally and improperly interfered with contract PepsiCo had with Arby's, as set forth in Instruction No. 24, we the jury find for:

   _____          __✓__ _MM_

| Mahaska | PepsiCo |

(If you found for PepsiCo on this claim, proceed to Interrogatory 7.a. If you found for Mahaska, then do not answer the interrogatory in Question 7, sign this Verdict Form, and notify the court security officer.)

    a. Having found for PepsiCo on Question 7, PepsiCo has proven damages, if any, (less mitigation amounts, if any), in the amount of: $24,000 _MK_

DATE: 11/20/2019

███████████████

FOREPERSON